UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY BANTOM, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ROBERT L. CORNELL, JR. ET AL.,

Plaintiff,

v.

BAYVIEW LOAN SERVICING ET AL.,

Defendants.
_____/

Case No. 17-cv-12121

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## OPINION AND ORDER GRANTING DEFENDANT BAYVIEW'S MOTION FOR JUDGMENT ON THE PLEADINGS [14]

**I.      Introduction**

This is a mortgage foreclosure case. Plaintiffs Anthony Cornell and Estate of Robert Cornell Jr., by and through personal representative Audrey Bantom, initially filed this action in state court on or about May 25, 2017. Dkt. No. 1, p. 1 (Pg. ID 1); *see also* Dkt. No. 1-2, p. 2 (Pg. ID 8). Plaintiffs filed an Amended Complaint in state court on June 14, 2017.[1] *See* Dkt. No. 4. Defendant Bayview Loan Servicing removed the action to this Court on June 29, 2017. *See* Dkt. No. 1.

---

[1] Plaintiffs filed the same Amended Complaint in this Court on July 24, 2017. *See* Dkt. No. 4.

Plaintiffs' Amended Complaint asserts the following causes of action against Defendant Bayview: lack of standing to foreclose under 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626 (Count I); fraudulent misrepresentation under Michigan law (Count II); wrongful foreclosure in violation of Michigan Compiled Laws 600.3204 (Count III); and exemplary damages under Michigan law (Count IV). Dkt. No. 4, pp. 4–7 (Pg. ID 26–29). Additionally, Plaintiffs assert a claim of quiet title, Count V, against the other Defendant in this case, Thien Hoang Tran. *Id.* at pp. 7–8 (Pg. ID 29–30).

Presently before the Court is Defendant Bayview's Motion for Judgment on the Pleadings, which Defendant Tran has joined through his motion in concurrence [14, 16]. The motion is fully briefed. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court has decided this motion without a hearing. For the reasons discussed herein, the Court will GRANT Defendant Bayview's Motion for Judgment on the Pleadings, and Defendant Tran's concurrence in the motion [14, 16].

## II. Background

The events leading to this litigation began with Robert Cornell's unfortunate death on July 29, 2015. Dkt. No. 4, pp. 2–3 (Pg. ID 24–25). Cornell had entered a mortgage contract for a property located at 8615 Wisconsin Street, Detroit, Michigan 48204 (the "Property"). *Id.* at pp. 2, 18 (Pg. ID 24, 40). Defendant Bayview became the mortgagee on this contract on June 4, 2015. *See* Dkt. No. 14-4, p. 2 (Pg. ID 137).

At the time of Cornell's death, the mortgage was not in default, and indeed, all balances already due had been paid in full. Dkt. No. 4, p. 3 (Pg. ID 25).

After Cornell's death, his daughter Audrey Bantom served as the personal representative of his estate. *Id.* at p. 2 (Pg. ID 24). Bantom opened Cornell's probate estate around August 11, 2015. Dkt. No. 14, pp. 11–12 (Pg. ID 96–97). Additionally, Plaintiff Anthony Cornell, the decedent's son, was living at the Property when Plaintiffs filed the Complaint. Dkt. No. 4, p. 2 (Pg. ID 24).

Bantom contends that she notified creditors of Cornell's death, including Bayview, shortly after she opened the probate estate. *Id.* But, according to Bantom, Bayview did not respond to the notice. *Id.* Bantom did speak with Bayview representatives following Cornell's death, however. *Id.* Plaintiffs assert Bantom told Bayview that the Cornell family intended to retain the Property. *Id.* The Amended Complaint does not specify when Bantom's communications with Bayview took place. *See id.* Bayview suggests that the first such communication was on November 8, 2016, more than one year after Cornell's death. Dkt. No. 14, pp. 13–14 (Pg. ID 98–99).

A payment on the mortgage was due on the 1st of each month, and as no payment was made in August 2015, Bayview alleges that it mailed to the Property a Notice of Default and Intent to Accelerate the Mortgage. *Id.* at p. 12 (Pg. ID 97); *see also* Dkt. No. 14-6, p. 2 (Pg. ID 144). The Notice is dated September 16, 2015.

Dkt. No. 14-6, p. 2 (Pg. ID 144). In addition to not making an August 2015 payment on the mortgage, no mortgage payments were made from September 2015 through December 2015. Dkt. No. 4, p. 20 (Pg. ID 42). As of December 2015, the outstanding principal balance on the mortgage was $113,358.12. *Id.*

Considering the mortgage to be in default, Defendant Bayview initiated a sheriff's sale of the Property, which occurred on November 3, 2016. *Id.* at p. 18 (Pg. ID 40). The Property was sold to Defendant Tran on March 7, 2017 for $18,900.00. *Id.* at p. 2 (Pg. ID 25); *see also* Dkt. No. 14, p. 14 (Pg. ID 99). Defendants assert that the Property was sold subject to a right of redemption. Dkt. No. 14, p. 14 (Pg. ID 99).

The redemption period expired on May 3, 2017. *Id.* at p. 15 (Pg. ID 100). Yet Bantom contacted Bayview on April 21, 2017 to ascertain how the Cornell family might retain the Property. *Id.* at p. 14 (Pg. ID 99). On April 24, 2017, Anthony Cornell received a letter from Bayview indicating that it would respond to the family's inquiries about retaining the Property by June 6, 2017. Dkt. No. 4, p. 3 (Pg. ID 25).

Plaintiffs contend that, instead of informing Plaintiffs of how they might have retained the Property, Bayview covertly proceeded with the foreclosure sale. *Id.* Plaintiffs assert that they only learned of the sale because individuals began visiting the Property and claiming ownership over it. *Id.* The sheriff's deed on the mortgage

4

sale, however, indicates that a notice of foreclosure was published in a conspicuous place on the Property, at least at some point prior to the initiation of foreclosure proceedings in November 2016. *Id.* at p. 18 (Pg. ID 40).

By the time Bayview responded to Plaintiffs' inquiries, on May 19, 2017, the redemption period had ended. *See* Dkt. No. 14, pp. 14–15 (Pg. ID 99–100). Indeed, Bayview's May 19, 2017 response simply notified Bantom that Bayview had sold the Property and that the redemption period had expired. *Id.* at p. 15 (Pg. ID 100).

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). " 'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.' " *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (citation omitted). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.* (citing *Twombly*, 550 U.S. at 562).

When deciding a 12(c) motion for judgment on the pleadings, matters outside the pleadings ordinarily may not be considered unless the motion is converted to one for summary judgment under Federal Rule of Civil Procedure 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). A court may, however, examine " 'the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion [for judgment on the pleadings] so long as they are referred to in the complaint and are central to the claims contained therein.' " *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (quoting *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)).

**IV. Discussion**

Defendant Bayview argues it is entitled to a Judgment on the Pleadings on Counts I–IV, and Defendant Tran claims a Judgment on the Pleadings is warranted for Count V. Bayview contends that 12 U.S.C. § 1701j-3 does not authorize a private right of action or does not apply to Plaintiffs' claim; that Plaintiffs have no viable fraudulent misrepresentation claim; that the Property was not unlawfully foreclosed upon in violation of Michigan Compiled Laws 600.3204; and that exemplary damages is not a standalone cause of action. Separately, Defendant Tran argues that Plaintiffs' quiet title claim, too, fails.

The Court will find that none of Plaintiffs' claims can survive the Motion for Judgment on the Pleadings. In addition, the Court notes that the Motion is for a Judgment on the Pleadings, or in the alternative, for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. As the Court can resolve the claims without resorting to information outside the pleadings, the Court need not convert the motion into one for summary judgment.

A. Lack of Standing for Foreclosure under 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626

Plaintiffs allege that Defendant Bayview illegally foreclosed upon and sold the Property in violation of 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626. Dkt. No. 4, p. 4 (Pg. ID 26). The Defendants argue, and the Court agrees,

that Plaintiffs fail to state a claim because 12 U.S.C. § 1701j-3 does not authorize a private right of action, the Act does not apply to Plaintiffs' claim, or both.

The Garn-St Germain Depository Institutions Act of 1982 ("Garn-St Germain Act" or "Act") restricts state law directives on the exercise of due-on-sale clauses.[2] *See* 12 U.S.C. § 1701j-3. In other words, the Act preempts state laws that limit the enforcement of due-on-sale clauses. *See Nelson v. Nationstar Mortg. LLC*, Case No. 7:16-cv-00307-BR, 2017 WL 1167230, at *2 (E.D.N.C. Mar. 28, 2017) (citing *Dupuis v. Yorkville Fed. Sav. & Loan Ass'n*, 589 F. Supp. 820, 823 (S.D.N.Y. 1984)).

The Act includes several exceptions for the enforcement of due-on-sale clauses, and Plaintiffs argue that certain of these exceptions apply. Specifically, Plaintiffs suggest the following exceptions apply here:[3]

> (3) a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety;
> . . .
> (5) a transfer to a relative resulting from the death of a borrower; [and]
> (6) a transfer where the spouse or children of the borrower become an owner of the property[.]

---

[2] Section 1701j-3(a)(1) defines "due-on-sale clause" as "a contract provision which authorizes a lender, at its option, to declare due and payable sums secured by the lender's security instrument if all or any part of the property, or an interest therein, securing the real property loan is sold or transferred without the lender's prior written consent."

[3] Plaintiffs do not explain why these particular provisions apply, and instead simply bold these provisions in citing 12 U.S.C. § 1701j-3.

Section 1701j-3(d)(3), (5), (6).

Whatever the merits of Plaintiffs' arguments regarding these exceptions, their arguments fail as the Act does not authorize a private right of action. In support of the argument that the Act does not grant a private right of action, Defendants cite *Nelson*, 2017 WL 1167230, at *2 (E.D.N.C. Mar. 28, 2017). This case is instructive.

In *Nelson*, a court dismissed a plaintiff's claim that defendants violated the Act because the Act does not authorize a private right of action. *Id.* at *2. The *Nelson* court cited several authorities that support this conclusion. *See, e.g., Dupuis*, 589 F. Supp. at 822–23 (holding that the Garn-St Germain Act "does not create a cause of action for damages"); *Turman v. Wells Fargo Bank, N.A.*, No. 3:15-cv-1119, 2016 WL 5467947, at *3 (M.D. Tenn. Sept. 29, 2016) (rejecting plaintiff's arguments under the Act as "Section 1701j–3, upon which [p]laintiff relies, does not provide her with a private right of action").

Plaintiffs argue that these cases are inapposite because they have a "different factual and legal basis" from this matter. Dkt. No. 17, p. 19 (Pg. ID 205). This argument is unavailing. *Nelson* and the cases cited therein are interpreting the same Act under which Plaintiffs assert this claim. Therefore, these cases offer guidance as to how this Court should resolve Plaintiffs' claim.

Second, even if the Act did authorize a private right of action, Plaintiffs' claim would still fail. Defendant Bayview foreclosed on the Property in November 2016

9

because the mortgage was in default, not because of any transfer of the Property related to Robert Cornell's death.[4] Indeed, Cornell died more than one year prior to Bayview's initiation of foreclosure proceedings. *See* Dkt. No. 4, p. 18 (Pg. ID 40). Therefore, the Act, if it did grant a private right of action, would not apply to Plaintiffs' claims.

Accordingly, the Court will dismiss Count I because the Garn-St Germain Act does not grant Plaintiffs a private right of action, the Act does not apply to Plaintiffs' claims, or both.

B.    Fraudulent Misrepresentation

Plaintiffs' fraudulent misrepresentation claim similarly lacks merit. For this claim, Plaintiffs unconvincingly argue that Defendant Bayview "made material misrepresentations regarding the status and foreclosure of decedent's mortgage loan." *Id.* at p. 5 (Pg. ID 27). Bayview's aim in making this misrepresentation, according to Plaintiffs, was to profit from selling the Property. *Id.* Bayview counters that it made no misrepresentation to Plaintiffs. Dkt. No. 14, p. 25 (Pg. ID 110).

Under Michigan law, a claim for fraudulent misrepresentation requires that a plaintiff allege the following:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that

---

[4] *See infra* Section C regarding wrongful foreclosure for a detailed discussion on this topic.

> he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

*Titan Ins. Co. v. Hyten*, 491 Mich. 547, 817 N.W.2d 562, 567–68 (2012) (citations omitted).

Plaintiffs' allegations on this Count are insufficient to survive the Motion for Judgment on the Pleadings. Plaintiffs' contentions are mere "labels and conclusions" along with "a formulaic recitation of the elements of [fraudulent misrepresentation]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, Plaintiffs assert that Defendant Bayview made a false and material representation, but the Complaint offers no details regarding the timing or substance of this representation.

For example, first, Plaintiffs contend that Bantom communicated with several Bayview employees about the mortgage. Absent from the Complaint, however, are factual allegations regarding when the communication took place or what was discussed. Dkt. No. 4, p. 2 (Pg. ID 24). Second, the Complaint includes allegations that Plaintiff Anthony Cornell "received a letter in April 2017, indicating Defendant Bayview would have some answers to his concerns regarding retaining the home by June 6, 2017." *Id.* at p. 3 (Pg. ID 25). Yet this allegation, too, lacks sufficient supporting details, namely why Bayview's representation was false.

11

As Plaintiffs have not plausibly alleged a claim for fraudulent misrepresentation, Defendants are entitled to a Judgment on the Pleadings for this claim.

C.  Wrongful Foreclosure under Michigan Compiled Laws 600.3204

The Defendants argue, and the Court agrees, that Plaintiffs have not properly pleaded a claim for wrongful foreclosure under Michigan Compiled Laws 600.3204.

The substantive law of Michigan applies to this Count; the Court is exercising supplemental jurisdiction over this state law claim and the case was removed from Michigan state court. *See* 28 U.S.C. § 1367. The final decisions of the Michigan Supreme Court, then, will govern any disputes regarding Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 358–59 (6th Cir. 2013) (citing *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008)). To the extent rulings by the Michigan Supreme Court do not directly resolve a dispute, "[this Court] must make an Erie guess to determine how that court, if presented with the issue, would resolve it." *Id.* (citing *Savedoff*, 524 F.3d at 762). In guessing how the Michigan Supreme Court might resolve an issue, " '[i]ntermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently.' " *Id.* at 359 (alteration in original) (quoting *Savedoff*, 524 F.3d at 762).

Plaintiffs complain that Defendant Bayview unlawfully executed a non-judicial foreclosure on the Property. "Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law." *Id.* (citing *Munaco v. Bank of America*, 513 F. App'x 508, 511 (6th Cir. 2013)). Michigan law provides courts with only narrow grounds on which to set aside a foreclosure by advertisement. *Id.* Specifically, "once the statutory redemption period lapses, [Michigan courts] can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.' " *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 167 N.W.2d 784, 785 (1969); citing *Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 739 N.W.2d 656, 659 (2007)).

"[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012). And, to adequately allege prejudice here, Plaintiffs must plead facts indicating that "they would have been in a better position to preserve their interest in the property absent [Defendants'] noncompliance with the statute." *Id.* Plaintiffs must clear one additional hurdle on this claim: " '[T]he misconduct must relate to the foreclosure procedure itself.' " *Conlin*, 714 F.3d at 360 (quoting *El–Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429–30 (6th Cir. Jan. 7, 2013)).

There is no dispute that the six-month statutory redemption period has expired.[5] Consequently, Plaintiffs must sufficiently allege that there was "fraud or irregularity" in the foreclosure process, and that they suffered prejudice as a result. Plaintiffs fail on both counts.

Plaintiffs allege that there was "fraud or irregularity" in the foreclosure process because (1) the Property was not in default at the time of Robert Cornell's death; and (2) they "were never provided notice of the foreclosure and were precluded from exercising their right of redemption." *See* Dkt. No. 4, p. 6 (Pg. ID 28); Dkt. No. 17, p. 13 (Pg. ID 199).

1.  Mortgage Status at the time of Robert Cornell's Death

Turning to the first argument, the Court finds that whether the mortgage was in default at the time of Robert Cornell's death is not material to the outcome of this claim, let alone dispositive, as Plaintiffs contend. Robert Cornell died on July 29, 2015. Dkt. No. 4, p. 2–3 (Pg. ID 24–25). Yet Defendant Bayview did not initiate foreclosure proceedings until November 3, 2016, more than one year after his death. *Id.* at p. 18 (Pg. ID 40). And although Plaintiffs allege that the mortgage was not in default at the time of Cornell's death, they do not assert that any payments on the

---

[5] The sheriff's sale occurred on November 3, 2016, and the redemption period expired on May 3, 2017. *See* Dkt. 4, p. 18 (Pg. ID 40); *see also* Dkt. No. 14, p. 15 (Pg. ID 100).

14

mortgage were made following Cornell's death. In other words, Plaintiffs do not argue—and could not credibly argue—that the mortgage was not in default on November 3, 2016, when Defendant Bayview initiated foreclosure proceedings. Indeed, the mortgage statement for the Property, which Plaintiffs append to the Complaint, demonstrates that payments due on the mortgage from August 2015 through December 2015 went unpaid. *Id.* at p. 20 (Pg. ID 42). Plaintiffs' claim for wrongful foreclosure, then, cannot survive the Motion for Judgment on the Pleadings.

Undeterred, Plaintiffs cite in support of their argument *Starr v. Fed. Nat. Mortg. Ass'n*, No. 14–14380, 2015 WL 1120129, at *2–3 (E.D. Mich. 2015). This case confirms that their arguments lack merit, however. In *Starr*, unlike here, the plaintiff plausibly alleged that there was an irregularity in the foreclosure process— that the defendant foreclosed on the property although her mortgage was not in default. *Id.* at *2. The plaintiff asserted "that a check curing her two-month arrearage was presented to [the mortgagee]," and "that she then attempted to resume monthly payments, which were refused by [the mortgagee]." *Id.* The failure to credit the plaintiff's account was the mortgagee's only basis for asserting that the plaintiff was in default. *Id.* And, in turn, was the only basis for foreclosing upon her property. *Id.* Conversely, here, the mortgage was in default because no mortgage payments were made (or attempted to be made) following Cornell's death.

15

Second, the plaintiff in *Starr* sufficiently pleaded prejudice because of the irregularity—"[h]ad [the mortgagee] not improperly begun foreclosure proceedings, [p]laintiff would have clearly been in a better position to preserve her interest in the property by continuing to make monthly payments rather than attempting to redeem the property by tendering a lump sum." *Id.* at *3.

On the other hand, Plaintiffs have never attempted to make payments on the mortgage and have not addressed whether the mortgage was in default in November 2016.

2. Notice of Foreclosure

To the extent Plaintiffs argue that they lacked notice of the sheriff's sale, this argument is also unavailing. Plaintiffs' allegations regarding notice do not satisfy *Twombly*; the Complaint does not include any facts about why the notice given was insufficient. And the sheriff's deed—included in the Complaint and not contested by Plaintiffs—indicates that a notice of sale was posted conspicuously on the Property. *See* Dkt. No. 4, p. 18 (Pg. ID 40).

Moreover, because Plaintiffs have not plausibly alleged prejudice, a lack of notice would not render the foreclosure sale voidable. *See Jabari v. Fannie Mae*, 555 F. App'x 547, 550 (6th Cir. 2014) (observing that a complaint did not provide a full picture of what occurred between the parties, but still affirming dismissal of plaintiff's wrongful foreclosure claim because "Michigan's law, which strongly

16

favors 'giving security and finality to purchasers of foreclosed properties,' is strict, even viewed through the lenient lens of the Federal Rules of Civil Procedure." (quoting *Conlin*, 714 F.3d at 359)).

Accordingly, as Plaintiffs fail to adequately allege defects in the foreclosure process and also prejudice resulting therefrom, the Court must dismiss Plaintiffs' wrongful foreclosure claim.

D. Exemplary Damages

Defendants are entitled to a Judgment on the Pleadings as to Plaintiffs' claim for exemplary damages, Count IV. "Exemplary damages," under Michigan law, are "recoverable for injury to feelings and for the sense of indignity and humiliation resulting from injury maliciously and wantonly inflicted." *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 431–32 (6th Cir. 2013) (quoting *Ray v. City of Detroit*, 67 Mich. App. 702, 242 N.W.2d 494, 495 (1976)). They are not a standalone claim. *Id.* (citing *Fonstad v. Teal*, No. 254051, 2005 WL 1705514, at *5 (Mich. Ct. App. July 21, 2005)). Consequently, Plaintiffs have not sufficient pleaded a claim for exemplary damages.

E. Quiet Title

Plaintiffs' claim for quiet title, too, will not survive the Motion for Judgment on the Pleadings.

First, as Defendant Bayview correctly notes, a request for quiet title is a remedy, and not a separate cause of action. *See Berry v. Main St. Bank*, 977 F. Supp. 2d 766, 776 (E.D. Mich. 2013) (citing *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 928–29 (6th Cir. 2013) (per curiam)).

There is a statutory cause of action under Michigan Compiled Laws § 600.2932(1), however. Pursuant to that statute, "[a]ny person . . . who claims any right in, title to, . . . interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff. . . " MICH. COMP. LAWS § 600.2932(1). A plaintiff trying to establish title bears the burden of proof and must make out a prima facie case to rightful title. *Keyes v. Deutsche Bank Nat. Tr. Co.*, 921 F. Supp. 2d 749, 762 (E.D. Mich. 2013) (citing B*eulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 600 N.W.2d 698, 700 (1999)). Based on the foregoing analysis, Plaintiffs have not plausibly alleged that Defendant Bayview's foreclosure sale to Defendant Tran is voidable.

Accordingly, the Court will dismiss Plaintiffs' claim to quiet title.

**V.    Conclusion**

The Court will GRANT Defendant Bayview's Motion for Judgment on the Pleadings, and Defendant Tran's concurrence in that motion [14, 16]. The Court

will GRANT Bayview's Motion on Plaintiffs' claims for lack of standing to foreclose under 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626; fraudulent misrepresentation under Michigan law; wrongful foreclosure under Michigan Compiled Laws 600.3204; and exemplary damages pursuant to Michigan law.  The Court will also GRANT Defendant Tran's motion as it relates to Plaintiffs' claim to quiet title [16].

    IT IS SO ORDERED.

Dated:  December 18, 2017                          /s/Gershwin A. Drain
                                                                                  GERSHWIN A. DRAIN
                                                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 18, 2017, by electronic and/or ordinary mail.
                              /s/ Tanya Bankston
                                Deputy Clerk