UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AUDREY BANTOM, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT L. CORNELL, JR. ET AL., | Case No. 17-cv-12121 |
| | UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| Plaintiff, | |
| v. | UNITED STATES MAGISTRATE JUDGE ELIZABETH A. STAFFORD |
| BAYVIEW LOAN SERVICING ET AL., | |
| Defendants. | |

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) AND FOR RECONSIDERATION UNDER LOCAL RULE 7.1(H) [21]**

**I.     Introduction**

The Plaintiffs—Audrey Bantom, as Personal Representative of the Estate of Robert Cornell, Jr., Anthony Cornell, and the Estate of Robert Cornell, Jr.—initiated this action in state court on May 22, 2017. *See* Dkt. No. 1-2, p. 9 (Pg. ID 115). Defendant Bayview Loan Servicing removed the action to this Court on June 29, 2017. *See* Dkt. No. 1. Plaintiffs allege three counts against Defendants Bayview Loan Servicing and Thien Hoang Tran: lack of standing to foreclose under 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626 (Count I); misrepresentation under state law (Count II); wrongful foreclosure in violation of Michigan Compiled

Laws 600.3204 (Count III); and exemplary damages under state law (Count IV). *See* Dkt. No. 1-2, pp. 5–7 (Pg. ID 11–13).

Defendant Bayview moved for a Judgment on the Pleadings on October 9, 2017, and Defendant Tran concurred in this motion. *See* Dkt. Nos. 14, 16. The Court granted the motion on December 18, 2017. Dkt. No. 19.

Presently before the Court is the Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure and for Reconsideration under Local Rule 7.1(h) [21]. Defendant Bayview has responded to the motion.[1] *See* Dkt. No. 22. The Court will not hold oral argument on the motion. *See* L.R. E.D. MICH. 7.1(h)(2). The Court will DENY the Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) and for Reconsideration under Local Rule 7.1(h) [21].

**II. Discussion**

Plaintiffs only challenge the Court's December 18, 2017 Opinion on the ground that the Court wrongfully determined that the Plaintiffs lacked standing to foreclose under 12 U.S.C. § 1701j-3 and Michigan Compiled Laws 445.1626 (Count I). The Court is unmoved. The Court holds that the Plaintiffs are not entitled to

---

[1] Local Rule 7.1(h)(2) does not permit a response to a motion for reconsideration unless the Court orders otherwise. The Court will allow and will consider Bayview's response to the motion. Pursuant to the same local rule, Plaintiffs were not required to file a reply in support.

prevail on the Motion to Alter or Amend the Judgment under Rule 59(e) or for Reconsideration under Local Rule 7.1(h).

    A.    Private Right of Action under 12 U.S.C. § 1701j-3, MCL § 445.1626 *et seq.*, or Both

Plaintiffs maintain that the Court erred in its December 18, 2017 decision, arguing that the plain language of MCL 445.1626 *et seq.* establishes a private right of action. Dkt. No. 21, pp. 8–9 (Pg. ID 300–01). Plaintiffs also assert that the affidavit of Anthony Cornell confirms that they were not notified of the foreclosure and that the home was sold to a third-party prior to the expiration of the redemption period. *Id.* Plaintiffs' argument fails under both Rule 59(e) and Local Rule 7.1(h)(3).

First, "[a] Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). " 'A motion under Rule 59(e)," the Sixth Circuit emphasized, " 'is not an opportunity to re-argue a case.' " *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The reason is that " '[i]f a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint

3

to take account of the court's decision.' " *Id.* (quoting *Leisure Caviar*, 616 F.3d at 616). Courts have not adopted this approach, of course, because " '[it] would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.' " *Id.* (quoting *Leisure Caviar*, 616 F.3d at 616).

The motion for reconsideration standard, on the other hand, is set forth by Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan. That Rule reads:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

And, "[a] 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.' " *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

Under either standard, Rule 59(e) or Local Rule 7.1(h), Plaintiffs will not prevail. Plaintiffs press the same arguments as on the Motion for Judgment on the Pleadings, and this is insufficient under both Rules. Specifically, Plaintiffs argue here, as they did on the Motion for Judgment on the Pleadings, that the St. Germain Act, MCL § 445.1626, or both provide a private right of action. Dkt. No. 22, p. 13

4

(Pg. ID 315). The Court dismissed this argument in its initial decision. Dkt. No. 19, pp. 7–10 (Pg. ID 279–82). In doing so, the Court detailed and relied upon the reasoning of several persuasive authorities that had reached the same conclusion. *Id.* Plaintiffs do not even address that analysis in their present motion.

What is more, assuming that the Court erred—which it did not—in deciding that the St. Germain Act, MCL § 445.1626, or both do not offer private litigants a right to sue, Plaintiffs' argument here still lacks merit. The Court concluded in its December 18, 2017 Opinion that, even assuming that these statutes authorize a private right of action, they would still not apply to Plaintiffs' claims. *Id.* at pp. 9–10 (Pg. ID 281–82). Indeed, the Court found that the foreclosure stemmed from a failure to make mortgage payments, not because of the exercise of any due-on-sale clause. *Id.* Plaintiffs' argument here does not disturb that finding.

Accordingly, Plaintiffs will not prevail on this motion. Dkt. No. 22, p. 16 (Pg. ID 318).

### III. Conclusion

Plaintiffs contend that the Court must grant their Motion to Alter or Amend Judgment under Rule 59(e) and for Reconsideration under Local Rule 7.1(h) [21]. In light of the foregoing, the Court will DENY the Plaintiffs' motion.

IT IS SO ORDERED.


Dated:  February 5, 2018         /s/Gershwin A. Drain
                                 GERSHWIN A. DRAIN
                                 United States District Judge


### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 5, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk